**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

NORMAN FLICK,                                    )
                                                 )
                   Plaintiff,                    )
     vs.                                         )          1:08-cv-461-SEB-TAB
                                                 )
HECTOR MANUEL GONZALES, et al.,                  )
                                                 )
                   Defendants.                   )

**E N T R Y**

The plaintiff's motion for reconsideration is directed to the ruling in the Entry of October 13, 2010, denying his request that the assigned Article III Judge recuse herself. For the reasons explained below, the plaintiff's factual and legal views expressed in the motion for reconsideration are inaccurate and the motion for reconsideration (dkt 126) is **denied.**

**Discussion**

The plaintiff contends that the Entry issued on October 13, 2010, denying his motion to disqualify the undersigned was in error. Specifically, the plaintiff asserts that the reasons he presented in support of his motion to disqualify the undersigned were not considered. The plaintiff makes reference to what he considers to have been the denial of his "right to petition the Government for redress," the denial of due process rights, the right to appeal any Entry or Order, and the denial of "his Equal Protection Rights."

Although the plaintiff has presented his reasons for recusal in constitutional terms, this wording does not change the fact that his dissatisfaction arises from various rulings made during the course of this litigation and with the course of proceedings itself. As the Supreme Court has explained, neither judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994).

"When a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." *Sprinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D.Ind. 1991)(citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)). Here, the plaintiff's request depends entirely on his dissatisfaction with rulings or other aspects of the present action. This dissatisfaction does not present or even suggest any evidence that would lead a reasonable observer to believe that the undersigned is incapable of ruling fairly, as required to establish actual bias necessary to warrant recusal under 28 U.S.C. § 455. *See Collins v. Illinois,* 554 F.3d 693,

697 (7th Cir. 2009)(citing cases). Any claims that the undersigned has violated the plaintiff's constitutional rights are frivolous.

**IT IS SO ORDERED.**


Date: 12/27/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Norman Flick
1244 North Illinois Street, #116
Indianapolis, IN 46202