UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

NORMAN FLICK, )
 )
        Plaintiff, )
 )
vs. ) 1:08-cv-461-SEB-TAB
 )
HECTOR MANUEL GONZALES, et al., )
 )
        Defendants. )

**Entry Denying Request for Leave to File
Amended Complaint and Directing Further Proceedings**

      The plaintiff's proposed amended complaint filed on May 29, 2009, has been considered. The filing of this pleading did not conform to Rule 15(a)(2) of the *Federal Rules of Civil Procedure*, which requires leave of court prior to filing an amended pleading or Local Rule 15.1, which requires the amended complaint to reproduce the entire pleading as amended. The plaintiff's failure to comply with these procedural rules, the confused title given to his document, and the insertion of recent requests for recusal have resulted in delay in addressing the document.

      Having now considered the proposed amended complaint along with more than 100 pages of exhibits attached thereto, the motion for leave to file an amended complaint is **denied.** "District courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). That, however, is precisely what the plaintiff has presented. His proposed amended complaint defies understanding, rendering it unintelligible and subject to dismissal on that basis. *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001) ("dismissal of a complaint on the ground that it is unintelligible is unexceptionable"). To insert the proposed amended complaint in this case would therefore be an act of futility and plaintiff's request for leave to file the amended complaint is **denied.** *See Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991) ("To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs.").

The plaintiff may now choose to proceed in one of two ways and shall have **through January 20, 201**1, in which to do so. He may either file a second amended complaint or a statement of remaining claims. Each option is discussed below.

## Option 1

The plaintiff may file a second amended complaint. If a second amended complaint is filed, it shall be labeled second amended complaint and conform to the following guidelines--

! The second amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is") (internal quotation omitted)).

! The second amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

! The second amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

! The second amended complaint must conform to and not transgress Rules 18 and 20(a), such that the amended complaint shall "not name more than one defendant . . . unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Garcia v. Munoz,* 2008 WL 2064476, at *3 (D.N.J. 2008). Simply stated, "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). A complaint violative of this principle will be "rejected." *Id.*

**Option 2**

In the alternative, the plaintiff may provide a statement of remaining claims asserted in the original complaint. It is noted that the only claims which could remain are those asserted against Hector Manuel Gonzales and/or Jose Raphael Maldonado. Claims against all other defendants have been dismissed. The statement should identify what legal injury the plaintiff claims to have suffered and how either Mr. Gonzales or Mr. Maldonado are responsible for each such legal injury.

Regardless of which option the plaintiff pursues, he is reminded that "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**IT IS SO ORDERED.**

Date: 01/06/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NORMAN FLICK
1244 North Illinois Street #116
Indianapolis, IN 46202